IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| S.A.M. PANTAENIUS MONACO a/s/o MY SENSES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 1:25-cv-00140-MRD-PAS ) |
| SAVE ON TRANSPORT ENTERPRISES, LLC, *et al.* | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT GREENTREE TRANSPORTATION CO., INC.'S AND DEFENDANT JONES MOTOR CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO GREENTREE TRANSPORTATION CO., INC.'s AND JONES MOTOR CO., INC.'S JOINT PARTIAL MOTION TO DISMISS THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

For their memorandum in opposition to Plaintiff's Motion for Leave to File a Sur-Reply Memorandum in Support of its Opposition to Greentree Transportation Co, Inc. and Jones Motor Co., Inc's Joint Partial Motion to Dismiss the Plaintiff's Second Amended Complaint (ECF No. 27, the "Motion for Leave"), Greentree[1] and Jones Motor respectfully state as follows.

Further briefing on Greentree's and Jones Motor's Joint Partial Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") (ECF No. 20) is unnecessary. The Motion presents straight forward arguments and relies on well-established, century-old propositions of law. Plaintiff's Motion for Leave is a transparent attempt to have the last word and to rehash (or to raise anew) issues that Plaintiff could have raised previously. Greentree and Jones Motor respectfully request that the Court deny the Motion for Leave for the reasons discussed below.

---

[1] Capitalized terms used herein but not defined herein have the meaning ascribed to them in the Motion.

1

## 1. *Greentree and Jones Motor Properly Replied to Plaintiff's Arguments.*

Greentree's and Jones Motor's Reply Memorandum in support of the Motion (the "Reply") (ECF No. 25) properly replied to the arguments Plaintiff raised in the Opposition to the Motion. The Reply did not expand on the scope of the issues presented in the Motion. Plaintiff's Opposition (ECF No. 23) to the Motion presented two primary arguments, and Greentree and Jones Motor replied to those arguments as described below.

***First***, Plaintiff asserted that the Carmack Amendment does not preempt the state-law claims against Greentree because the alleged damage to Plaintiff's cargo occurred outside the scope of interstate transportation. (*See, e.g.,* Opposition at 4-5.) Greentree responded to (and conclusively refuted) that argument. Indeed, Greentree underscored in the Reply that, contrary to Plaintiff's arguments in the Opposition, each of the state law claims against Greentree is, in fact, predicated on loss or damage to goods, and is accordingly within the preemptive scope of the Carmack Amendment. (*See, e.g.,* Reply at 4-5, 9, 10.)

Greentree also cited cases in which courts rejected similarly flawed arguments that the Carmack Amendment does not preempt claims for damage to cargo relating to conduct "outside" the scope of transportation. (*See* Reply at 5-6 (citing *Hall v. North American Van Lines, Inc.*, 467 F.3d 683 (9th Cir. 2007) (holding that breach of contract claim based on carrier's refusal to deliver cargo was "completely preempted by the Carmack Amendment"); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir.2002) (dismissing claims that carrier committed fraud by accepting shipments that it "had no intention of fulfilling or attempting to deliver").)

Greentree further explained that Plaintiff's attempt to distinguish its claims on the basis that Greentree's alleged conduct occurred "outside" of interstate transportation fails because that purported distinction is illusory. The Carmack Amendment embraces "all losses resulting from

2

any ***failure to discharge a carrier's duty as to any part of the agreed transportation***." (Reply at 6 (citing *Georgia, F. & A. Ry. Co. v. Blish Milling Co*, 241 U.S. 190, 196 (1916).)

Each of these arguments (and more) that Greentree advanced in the Reply were proper rebuttals to Plaintiff's arguments in the Opposition. These arguments all "relate to the response" as required by Local Rule Cv 7(a)(4). That Greentree had to reemphasize some of the arguments it advanced in the Motion in order to provide context does not warrant Plaintiff's filing of a sur-reply.

Plaintiff suggests that Greentree "provide[d] no case law to contest Plaintiff's contention that its state law claims are not preempted because they were based on the scenario that damage to good that occurred <u>outside</u> of interstate transport." (Motion for Leave at 2) (emphasis in original). As explained above, this is simply not true. However, even if it were true, that fact would not warrant the filing of a sur-reply.

Moreover, as Greentree illustrated in the Reply, Plaintiff is the party who failed to cite any meaningful caselaw in which a state law claim against a motor carrier—arising out of damage to property—was held to be outside of the Carmack Amendment's preemptive reach. (Reply at 3.) Instead, Plaintiff clings to an incidental statement in *Woods Hole Oceanographic Institution v. ATS Specialized Inc.* that the "Carmack Amendment does not preempt 'activities [by a carrier] ... not undertaken in the course of transporting goods.'"[2] 557 F.Supp.3d 261, 277 (D.Mass. 2021) (citing *Mesta v. Allied Van Lines Intern., Inc.*, 695 F. Supp. 63, 65 (D. Mass. 1988). Plaintiff

---

[2] Plaintiff's insistence that this proposition shields its state law claims from Carmack Amendment preemption is wholly misguided. The First Circuit has provided insight into the type of "separate harms—apart from the loss or damage of goods"—that may not be preempted by the Carmack Amendment. *See Rini v. United Van Lines*, 104 F.3d 502, 506 (1st Cir. 1997) ("For example, if an employee of the carrier assaulted and injured the shipper, state law remedies would not be preempted. Similarly, a claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods and, as such, would not be preempted."). But Plaintiff does not allege—and cannot allege—any such "separate harm." All of Plaintiff's claims against Greentree are predicated on loss of or damage to goods.

3

accuses Greentree of "tuck[ing]" away" this statement in a footnote in the Reply, as if Greentree is surreptitiously attempting to hide the law from the Court. To the contrary, Greentree squarely addressed *ATS Specialized* and other cases on which Plaintiff mistakenly relies, including *Mesta*, which the First Circuit has abrogated. (Reply at 4, 6-7.)

*Second*, in the Opposition, Plaintiff raised the so-called "safety exception" to the FAAAA in response to Jones Motor's arguments that the FAAAA preempts Plaintiff's claims against Jones Motor. Jones Motor presented arguments in its Reply about the scope of the safety exception, and the current legal landscape governing the application of the safety exception. (*See* Reply at 12-14.) Plaintiff argues that Jones Motor "acknowledge[d] binding First Circuit precedence, then urge[d] this Court to adopt the reasoning of other Circuits which would be inapposite to the First Circuit." (Motion for Leave at 3.) This is incorrect. As Jones Motor stated in the Reply, the First Circuit has no binding precedent on the application of the so-called safety exception to FAAAA preemption. Plaintiff certainly did not cite any such precedent in its Opposition. In the absence of binding First Circuit precedent, Jones Motor highlighted the structural and textual underpinnings of 49 U.S.C. §14501(c) as interpreted by the Seventh Circuit and Eleventh Circuit in persuasive cases in which each of those courts held that the safety exception does not apply to state law claims against *brokers*. (Reply at 14.)

Again, these arguments are entirely proper rebuttals of issues that Plaintiff raised in the Opposition. Nothing about Greentree's and Jones Motor's Reply warrants the filing of a sur-reply. These arguments "relate to the response" as required by Local Rule Cv 7(a)(4).

2. ***Greentree and Jones Motor did not Raise any "New" Arguments or any Arguments that Plaintiff could not have Anticipated when Preparing the Opposition.***

As set forth above, Greentree and Jones Motor did not present any new arguments in their Reply. Instead, they each responded to issues that Plaintiff raised in the Motion. First Circuit

4

precedent correctly holds that the primary consideration in evaluating a motion for leave to file a sur-reply is whether the reply brief raises genuinely new arguments that the non-movant could not have reasonably anticipated and addressed in its original opposition. *See Walsh v. TelTech Systems, Inc.*, 821 F.3d 155, 159 n. 2 (1st Cir. 2016). District courts do not abuse their discretion in precluding sur-replies when they "refrain from relying on any new material contained in the reply brief." *Id.* (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir.1998)). Again, none of the arguments that Greentree or Jones Motor advanced in the Reply can reasonably be construed as "new." In fact, Plaintiff does not even suggest that the arguments in the Reply are "new." Instead, Plaintiff complains that Greentree and Jones Motor supposedly "reargued" the Motion or resorted to "*ipso facto* conclusion[s]." (Motion for Leave at 2.) These assertions are incorrect, but even if they were true, that would not warrant the filing of a sur-reply. And even if the Court deemed any of the arguments in the Reply to be "new" (which they are not), the Court can simply disregard any "new" arguments and nevertheless deny Plaintiff's Motion for Leave.

More fundamentally, sur-replies are generally disfavored. "Absent highly unusual circumstances, sur-replies are not favored*." In re Light Cigarettes Mktg. Sales Pracs. Litig.*, 832 F. Supp. 2d 74 (D. Me. 2011). Sur-replies needlessly extend briefing schedules and strain the parties' and court's resources. *Id.* ("If the Court granted the Defendants the right to sur-reply, the Plaintiffs would no doubt ask for a right to file a sur-response."). "In brief, there must be an endpoint to argument and this is it." *Id.* ("The positions of the parties are well articulated in their filings" and the filing of a sur-reply will only cause "additional expense and delay"). Indeed, some courts even apply an "extraordinary circumstances" standard to motions for leave to file a sur-reply. *See Bartlett v. Mutual Pharmaceutical Company, Inc.*, 760 F.Supp.2d 220 (D.N.H. 2011). "Simply put, a sur-reply is not a vehicle for rehashing arguments that have already been raised and

briefed by the parties. Were that not true, briefing would become an endless pursuit." *Crummey v. Social Security Admin.,* 794 F.Supp.2d 46, 63 (D.D.C.2011), *aff'd,* 2012 WL 556317 (D.C.Cir. Feb. 6, 2012).

Here, Plaintiff gives the Court "no reason to deviate from [the] rule disfavoring the filing of sur-replies." *See Walsh*, 821 F.3d at 159, n. 2 (affirming the District Court's denial of a motion for leave to file a sur-reply, in part, because the movant "had notice and a reasonable opportunity to make that argument by the time she filed her opposing memorandum.").

Further, to the extent Plaintiff itself seeks to raise new arguments or cite to law that it could have included in the Opposition, Plaintiff's Motion for leave should be denied. For example, if Plaintiff wishes to attempt to identify and "spin" certain cases in support of its illusory proposition that claims for conduct "outside" of interstate transportation are not preempted under the Carmack Amendment, it should not be permitted to do so. Plaintiff had the opportunity to do so in the Opposition but failed to identify any such cases. Similarly, Plaintiff should not be permitted to expand upon its arguments about the application of the safety exception to FAAAA preemption, and Plaintiff's Motion for Leave suggests that it intends to do so. (*See, e.g.,* Motion for Leave at 3 ("Movants' [sic] ignore the legal consequences that would flow from such a result.")). Plaintiff could have anticipated and addressed such policy considerations in its Opposition. That Plaintiff may wish that it had presented a more fulsome argument in its Opposition does not merit the filing of a sur-reply.

In sum, Plaintiff has failed to meet its heavy burden. No basis exists to permit Plaintiff to file a sur-reply here. Greentree and Jones Motor appropriately replied to Plaintiff's Opposition and the arguments raised therein. The Reply contains no "new" arguments, and Plaintiff could have anticipated any arguments when preparing its Opposition. "In brief, there must be an

endpoint to argument and this is it." *In re Light Cigarettes*, 832 F. Supp. 2d at 78. The Court should reject Plaintiff's attempt to have the final word and should, therefore, deny Plaintiff's Motion for Leave.

|  |  |
|---|---|
|  | Respectfully submitted by, |
|  | **ECKLAND & BLANDO LLP** |
|  | Respectfully submitted, |
| Date: September 3, 2025 | /s/ SAMUEL P. BLATCHLEY<br>Samuel P. Blatchley<br>RI Bar No. 8284<br>Eckland & Blando LLP<br>555 Pleasant Street, 3B<br>New Bedford, MA 02740<br>(617) 217-6936<br>Email: sblatchley@ecklandblando.com |
|  | **BENESCH, FRIEDLANDER,<br>COPLAN & ARONOFF LLP** |
|  | /s/ MARC S. BLUBAUGH<br>Marc S. Blubaugh (0068221) (*pro hac vice*)<br>Nicholas P. Lacey (0100042) (*pro hac vice*)<br>41 South High Street, Suite 2600<br>Columbus, Ohio 43215-6164<br>Telephone: 614.223.9300<br>Facsimile: 614.223.9330<br>Email: mblubaugh@beneschlaw.com<br>       nlacey@beneschlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025 a copy of the foregoing was filed through the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system such that all appearing counsel have been served with this document by electronic means.

/s/SAMUEL P. BLATCHLEY